UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEMOUNTAE R. COLEMAN,

      Plaintiff,

          v.                              CAUSE NO. 3:25-CV-901-PPS-AZ

WERDAL,

      Defendant.

OPINION AND ORDER

Kemountae R. Coleman, a prisoner without a lawyer, has filed several recent requests which I will address in turn.  First, he filed an amended complaint against Officer Werdal on July 9, 2026. ECF 17. Coleman then filed a second amended complaint against Officer Werdal on July 22, 2026. ECF 20. Next, Coleman filed a letter and a motion to strike, both asking that the original complaint and the amended complaint filed on July 9, 2026, be stricken (ECF 17-2 and ECF 19).  However, it is not necessary to strike the original complaint or the amended complaint because, "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward" and "wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999). Therefore, Coleman's motions to strike earlier complaints will be denied as unnecessary.

Next, I must review the second amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The second amended complaint (ECF 20) alleges as follows:  On January 24, 2024, during recreation, Coleman was sleeping in his cell with the door locked.[1] Officer Werdal allowed an inmate from another housing unit to enter Coleman's unit, in violation of Indiana Department of Correction ("IDOC") policies. This inmate, along with inmates from Coleman's unit, approached Coleman's cell and Officer Werdal unlocked the cell. The inmates entered Coleman's cell and attacked him. Specifically, Coleman alleges he was stabbed 4 times and kicked. Later, when Officer Werdal did his security walk, he discovered Coleman bleeding profusely and called for help.

Coleman alleges that his injuries were caused by Officer Werdal's failure to follow IDOC policy. "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Coleman also alleges that Officer Werdal failed to protect him and subjected him to cruel and unusual punishment. Prison officials must "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A violation

---

[1] I would be remiss if I did not note that, on October 11, 2025, Coleman swore under penalty of perjury that the statements in his original complaint are true. In the original complaint, Coleman explicitly claimed that he was "asleep in his cell in J-housing unit with his cell door halfway open due to in-house recreation." ECF 1 at 3.

occurs only where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Liability turns on what the defendant knew. Where a defendant is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and draws such an inference, there may be liability. *Farmer*, 511 U.S. at 837. But just "poor judgment" isn't enough. There must be a conscious disregard of a known risk. *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). Additional factual development may demonstrate that Officer Werdal merely used poor judgment in allowing the inmate to enter the unit and unlocking Coleman's cell, but giving Coleman the benefit of all plausible inferences, as I must at this stage of the litigation, he has stated an Eighth Amendment claim against Officer Werdal.

Coleman also filed two motions seeking a preliminary injunction. ECF 18; ECF 21. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Coleman's motions seeking a preliminary injunction are focused on matters that occurred while he was housed in administrative segregation or restrictive housing *after* the incident that he is suing Officer Werdal about. In his motions seeking a preliminary

3

injunction, Coleman complains about being housed under harsher conditions after the attack, but Coleman's second amended complaint does not include these allegations. Because Coleman's requests for a preliminary injunction are based on facts outside the scope of the claim that I am allowing him to proceed on, he cannot demonstrate a reasonable likelihood of success on the merits of any claim about events occurring after the attack. Thus, his requests will be denied.[2] However, Coleman alleges he is in danger and, in the interests of justice, I will direct the clerk to provide the Warden of the Miami Correctional Facility with a copy of this order and Coleman's motions seeking a preliminary injunction so the Warden can take whatever steps he deems necessary to address Coleman's concerns.

For these reasons, the court:

(1) DENIES Kemountae R. Coleman's motions to strike (ECF 17-2; ECF 19);

(2) DENIES Kemountae R. Coleman's motions seeking a preliminary injunction (ECF 18; ECF 21);

(3) GRANTS Kemountae R. Coleman leave to proceed against Officer Wendal in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety on January 24, 2024, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

---

[2] Even if Coleman's allegations in the motions seeking a preliminary injunction had been included in the second amended complaint, they are too vague to state a claim. He refers to staff members without identifying any particular staff member. He claims these unidentified individuals are retaliating against him for suing Officer Werdal, but he provides no dates when the allegedly retaliatory acts took place and does not describe the retaliatory acts in detail. Furthermore, the only defendant named in this action is Officer Werdal, and there is no indication that Officer Werdal was personally responsible for conditions or events occurring after the attack on January 24, 2024.

(5) DIRECTS the clerk to send a copy of this order and Kemountae R. Coleman's motions seeking a preliminary injunction (ECF 18; ECF 21) to the Warden of the Miami Correctional Facility;

(6) ORDERS the Warden of Miami Correctional Facility to acknowledge receipt of the order and motions;

(7) DIRECTS the clerk to docket receipt of the acknowledgement.

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Werdal at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 20);

(9) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Werdal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  July 27, 2026.                    /s/   Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT